NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-647

ERVIN TRIPLETT, JR.

vs.

TERRENCE M. REIDY[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, an inmate held at the Souza-Baranowski Correctional Center, appeals from a judgment entered in the Superior Court, dismissing his complaint for damages, injunctive relief, and a declaratory judgment, based on various claims challenging the validity of a security risk policy promulgated by the defendants and applied to him. The judgment of dismissal entered based on the plaintiff's failure to comply with Superior Court Standing Order 1-96 (2020), which regulates the processing

---

[1] Individually and as Secretary of the Executive Office of Public Safety and Security.

[2] Carol A. Mici, individually and as Commissioner of Correction; Christopher H. Baker, individually and as chief of the office of investigative services for the Department of Correction; Dean C. Gray, individually and as superintendent of Souza-Baranowski Correctional Center (SBCC); James W. Mitchell, individually and as deputy superintendent of SBCC; and Danny Ortiz, individually and as director of classification for SBCC.

and hearing of complaints for judicial review of administrative agency proceedings.  On appeal, the plaintiff asserts that dismissal on that ground was improper, because his complaint did not seek "judicial review of administrative agency proceedings," Standing Order 1-96(1), and Standing Order 1-96 accordingly is inapplicable.  We agree, and vacate the judgment of dismissal.

The plaintiff's complaint presented claims for relief in seven separately-enumerated counts, claiming that:  (1) the defendants lack statutory authority to promulgate the security risk policy applied to generate his risk classification; (2) enforcement of his risk classification "is illegal, void and must be vacated"; (3) the defendants' actions "is [sic] arbitrary and capricious, and discriminatory"; (4) the risk classification policy applied by the defendants to the plaintiff violates the plaintiff's substantive due process rights; (5) the security risk policy "violates the Ex Post Facto Clause"; (6) the security risk policy "violates the Separation of Powers Doctrine"; and (7) the security risk policy is an "Abuse of Discretion."  In its prayer for relief, the complaint seeks (1) an injunction barring use of the security risk policy to assign security risk classifications to inmates; (2) a declaratory judgment regarding violations of the plaintiff's civil and constitutional rights under the Federal and Massachusetts Constitutions; (3) a declaration that the defendants' actions

2

violate the Massachusetts Civil Rights Act; (4) an award of damages; (5) an award of attorney's fees and costs; and (6) an award of "such other costs as the Court deems just and equitable."

While not a model of clarity in many respects, neither the substance of the plaintiff's claims, nor the relief sought by his complaint, seeks review of an administrative agency proceeding or decision. Instead, it challenges on various bases the validity of the security risk policy, and thereby of any actions taken under it.

We recognize that the opening sentence of the complaint describes it as "a Civil Action Complaint for judicial review wherein Plaintiff's entitlement to relief arises from the facts set forth herein" (emphasis added). However, contrary to the contention of the defendants (and, apparently, of the Superior Court judges who directed the plaintiff to comply with Standing Order 1-96 and then dismissed the complaint for his failure to do so), the judicial review sought by the complaint is not of administrative agency proceedings (or any decision assigning a risk classification to the plaintiff), but of the security risk policy itself.[3]

---

[3] We also recognize that Standing Order 1-96 applies to a complaint asserting multiple claims for relief if any one of them seeks judicial review of administrative proceedings. However, none of the claims in the complaint appears to seek

3

Because Standing Order 1-96 is inapplicable to the plaintiff's complaint, it was error to dismiss the complaint by reason of the plaintiff's failure to comply with the Standing Order.  The judgment is vacated, and the matter is remanded to the Superior Court for such further proceedings as may be appropriate.[4]

So ordered.

By the Court (Green, C.J.,
   Englander & Brennan, JJ.[5]),

Assistant Clerk

Entered:  April 25, 2024.

---

review of administrative agency proceedings, as compared to the validity or enforceability of the security risk policy.

[4] We express no view on the validity of the various counts in the complaint, reserving any such questions for consideration by the Superior Court in the first instance.

[5] The panelists are listed in order of seniority.